IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CASEY DALE TALLANT                                                                                          PLAINTIFF

v.                            Civil No. 4:25-cv-04038-SOH-MEF

SHERIFF BOBBY WALRAVEN and
ADMINISTRATOR GINA BUTLER                                                                        DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Casey Dale Tallant, currently a convicted inmate in the Little River County Detention Center in Ashdown, Arkansas, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.    BACKGROUND

Plaintiff filed his Complaint and application to proceed in forma pauperis on May 19, 2025. (ECF Nos. 1-2). The Court granted Plaintiff IFP status on the same day. (ECF No. 6).

In his Complaint, Plaintiff claims Defendants Sheriff Walraven and Administrator Butler violated his constitutional rights when they failed to allow him to attend his mother's funeral.

1

Plaintiff claims this failure violated his due process 4th and 14th Amendment rights, was deliberately indifferent, and constituted cruel and unusual punishment. (ECF No. 1, p. 4). Plaintiff claims both Defendants intentionally disregarded his requests to attend his mother's funeral, lied to him and told him they were working on it, but completely failed to inform him of the proper procedure to secure his attendance. *Id.* at 5. Plaintiff sues Defendants in their individual capacity only. *Id.* at 5. For relief Plaintiff requests compensatory, punitive, and injunctive relief. *Id.* at 9. For his injunctive relief he demands the County and City to develop a protocol for future situations like his. *Id.*

## II.     APPLICABLE STANDARD

Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8.

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001).

### III.   DISCUSSION

Plaintiff's claim here is that he has a constitutional right to attend his mother's funeral and Defendants violated that right. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the defendant acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

A prisoner does not retain a liberty interest in attending a family member's funeral, and the denial does not impose an atypical or significant hardship on the inmate in relation to the normal incidents of prison life. *See Adams v. Garland County Detention Center*, Civil No. 05-06086, 2006 WL 1361121, at *2 (W.D. Ark. May 17, 2006) (citing *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995)). Further, this Court and other courts have addressed this specific issue and have held that inmates do not have a constitutional right to attend family members funerals. *See e.g., Walters v. Washington County Jail*, Civil No. 07-cv-05113, 2007 WL 2710433, at *2 (W.D. Ark. Sep. 13, 2007); *Thomas v. Farley*, 31 F.3d 557, 559 (7th Cir. 1994) ("neither federal law nor Indiana law entitles prisoners to compassionate leave or for that matter even to have contact with their families in the prison"); *Hammock v. Jarriel*, No. 607-025, 2007 WL 1810442, at *2 (S.D. Ga. June 21, 2007) ("A prisoner does not retain a liberty interest in attending the funeral of a family member"); *Horton v. Shewmaker*, No. 307-cv-185, 2007 WL 1521601, at *2 (N.D. Ind. May 23,

2007) ("Pre-trial detainees have no constitutional right to attend funerals, even those of close family members").

While the Court sympathizes with Plaintiff and the fact he missed his mother's funeral, his Complaint fails to state a cognizable constitutional violation and should be dismissed as frivolous.

### IV.   CONCLUSION

For these reasons, it is RECOMMENDED:

(1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk be directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**Status of Referral:   Referral should be terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of July 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE